Troy Michael McKINNEY *v.* STATE of Arkansas

711 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Michael R. Salamo*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant was convicted on March 7, 1985 and filed a notice of appeal on April 8, 1985. The record was thus due in the clerk's office within 90 days of the filing of the notice of appeal.

On March 7, 1986 the appellant's attorney, Michael R. Salamo, filed a motion for a rule on clerk to lodge the transcript claiming that the attorney-client relationship necessary for effective assistance had dissolved which affected a timely filing of this transcript. On March 24, 1986, this court remanded the case to the trial court for a determination of the attorney-client relationship existing between the parties. On May 3, 1986 the trial court held a hearing and found that the attorney-client relationship existed at the time the transcript should have been filed and still exists. The attorney filed a second motion for rule on clerk on behalf of the appellant on June 16, 1986, which stated the same grounds.

In similar circumstances we have held we will not permit a record to be filed unless the attorney assumes full responsibility for presenting it late. *Tarry* v. *State*, 288 Ark. 172, 702 S.W.2d 804 (1986). A statement that it was someone else's fault or no one's fault will not suffice. *Moore* v. *State*, 268 Ark. 191, 600 S.W.2d 1 (1980).

If the appellant's attorney files a motion and affidavit in this case accepting full responsibility for not perfecting the appeal, then the motion will be granted. That negligence will be duly noted and a copy of the opinion granting the motion will be forwarded to the Committee on Professional Conduct.